IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALTON CHARLES MAY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:16cv00184 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| UNITED STATES OF AMERICA, | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Alton Charles May, an inmate at the United States Penitentiary in Lee County, Virginia, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. May alleges that his federal criminal sentence is unlawful under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Upon review of the record, the court concludes that May's claim for relief cannot proceed under § 2241 and, therefore, will dismiss this action without prejudice.

May was convicted in the United States District Court for the District of Maryland of interfering with commerce by robbery, in violation of 18 U.S.C. § 1951, and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). *United States v. May*, No. 8:12cr00278-1 (D. Md. Oct. 24, 2013). May did not appeal but did file a motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255 on September 22, 2014, alleging that the government breached the plea agreement by forcing him to testify against his co-defendant. The district court denied May's § 2255 motion on October 6, 2014. May now petitions this court pursuant to § 2241 for habeas relief pursuant to *Johnson*, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

May challenges the legality of his federal sentence, and such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Section 2241 petitions generally challenge the way a sentence is executed. *In re*

*Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). May, in order to bring his current challenge under § 2241, would have to meet the requirements of the § 2255 savings clause and then meet the stringent standard mandated under *In re Jones* to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see In re Jones,* 226 F.3d at 333-34 (finding that a challenge to a federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal).

The current petition fails to state facts on which May could satisfy the savings clause and *In re Jones* standards. Because *Johnson* had no effect on the criminality of May's offense conduct – interfering with commerce by robbery and possessing a firearm in furtherance of a crime of violence – he cannot proceed with his claim under § 2241. Therefore, the court will dismiss this action without prejudice.[1]

An appropriate order will be entered.

Entered: May 20, 2016.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[1] The court declines to construe May's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977). Second, May has already filed a § 2255 motion in the District of Maryland. *See United States v. May*, No. 8:12cr00278-1 (D. Md. Sept. 22, 2014). In order to file a successive § 2255 motion in the district court, May must receive pre-filing authorization from the United States Court of Appeals for the Fourth Circuit. *See* § 2255(h). Because May has not demonstrated that the Court of Appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, the sentencing court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Therefore, this court declines to construe and transfer May's petition.

May is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have the sentencing court review a successive § 2255 motion. May must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. 28 U.S.C. § 2244. A Fourth Circuit form and instructions for filing this motion are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St, Richmond, VA 23219.